**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 3:95-CR-184-M** |
| | ) | |
| **LARRY GENE POWELL** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred the August 10, 2009 "Expedited Motion for Sentence Modification Pursuant to Title 18 U.S.C. § 3583 and § 3583(h) to Reflect Time Served for Violation of Supervised Release Full Sixty Month Term Served in Full" ("Expedited Motion," doc. 149) of Larry Gene Powell ("Powell" or "Defendant") to the United States Magistrate Judge for hearing, if necessary, and recommendation. A hearing is not required. In response to the Expedited Motion, the Government filed a "Motion to Dismiss *Expedited Motion for Sentence Modification Pursuant to 18 USC § 3583(h)* for Lack of Jurisdiction" ("Motion to Dismiss," doc. 152), contending that the Motion should be construed as a Motion pursuant to 28 U.S.C. § 2241 and dismissed for lack of subject matter jurisdiction or transferred to the place of Defendant's incarceration. Defendant filed Objections to the Motion to Dismiss, contending that he does not challenge the manner in which the Bureau of Prisons ("BOP") is executing his sentence. (Doc. 155). He claims instead that he has recently discovered that the sentencing judge made an arithmetical error in calculating his sentence upon revocation of his five-year term of supervised release, and therefore, his sentence is illegal. (*Id.*).

**Background**

On July 21, 1995, Powell pled guilty to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371, two counts of bank fraud and aiding and abetting, each in violation of 18 U.S.C. §§ 1344 and 2; three counts of using a false social security number, in violation of 42 U.S.C. § 408, and two counts of credit card fraud, each in violation of 18 U.S.C. § 1029. On October 13, 1995, Powell was sentenced to 18 months' imprisonment and a five-year term of supervised release. He was also ordered to pay restitution in the amount of $7,579.07. Powell appealed, but on January 23, 1996, Powell's direct appeal was dismissed on his own motion (doc. 45).

Powell, proceeding pro se, brought a number of motions: Motion for Credit of Time Served (doc. 47); Motion for Downward Departure (doc. 48); Ex Parte Motion for Expungement (doc. 50); Motion to Restore Civil Rights (doc. 52); and Motion to Vacate Set Aside or Correct Sentence under § 2255 (doc. 55). The motions were denied.

Powell began his term of supervised release in December 1996. A supervised release violator's warrant was issued for him on February 25, 1999 (doc. 65). After a hearing, the District Court revoked Powell's supervised release and committed him to the custody of the BOP for a term of 36 months to run consecutive to the sentence imposed in 3:98-CR-242 (doc. 70). Powell appealed the revocation on the ground of double jeopardy (doc. 89). The Fifth Circuit Court of Appeals upheld the District Court's revocation decision (docs. 94, 95). Powell filed another § 2255 motion (doc. 96), and the District Court transferred it to the United States Court of Appeals for the Fifth Circuit as successive (doc. 99). Then Powell filed a Motion for Relief from Financial Responsibilities (doc. 104). Powell followed this with a Motion for Relief from Legal Disabilities

in which Powell asked for a modification of his sentence (doc. 105). The District Court denied the motion (doc. 106). The appellate court dismissed for want of jurisdiction the appeal that followed (docs. 109, 118).

Powell filed correspondence (doc. 119), followed by a Motion to Discharge Restitution Order (doc. 120). The motion was denied and appealed (docs. 122, 124). The appeal was dismissed (doc. 129). Powell filed another Motion for Court Order to Discharge Restitution Order (doc. 131). When the motion was denied, Powell filed a motion for reconsideration (docs. 140, 141). The motion for reconsideration was denied (doc. 142). Correspondence and further motions followed. Finally, the District Court barred Powell from filing any more correspondence or motions claiming that he has satisfied his restitution obligation or asking for relief from the judgment (doc. 147). Less than a year later, without leave of Court, Powell renewed his attack on his convictions, filing his Motion to Dismiss and Expunge (doc. 148) and the Expedited Motion which is before the Court for consideration (doc. 149).

## No Subject Matter Jurisdiction under 18 U.S.C. § 3583

Powell purports to bring his Expedited Motion "[p]ursuant to 18 U.S.C. § 3583(h), seeking to modify a sentence for a "recently discovered . . . arithmetic error of the sentencing judge." (Reply at 1.) The terms of 18 U.S.C. §§ 3583 do not vest this Court with subject matter jurisdiction to determine the legality of a term of imprisonment that was imposed upon revocation of supervised release. *United States v. Hatten*, 167 F.3d 884, 886 (5th Cir. 1999). Title 18 U.S.C. § 3583(e)(3) and (h) govern the sentencing process upon revocation of supervised release. Subsection (e)(3) provides that, upon revocation, a court may:

> require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release

3

> *without credit for time previously served on post release supervision*, if the court ... finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve ... more than 3 years in prison if such offense is a class B felony ... [.]

[Emphasis supplied]. Contrary to Powell's assertion here, by its own terms § 3583(e)(3) provides that a defendant is not entitled to credit against the revocation sentence for time served on supervised release before revocation. Subsection (h) permits a court to include an additional term of supervised release as part of a sentence imposed upon revocation and establishes the maximum length of such term:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h).

The District Court lacks jurisdiction, on a motion pursuant to § 3583(e)(2), to modify an order for conditions of supervised release on the basis of illegality in the imposition of that order. *Hatten*, 167 F.3d at 886 (citing *Lussier*, 104 F.3d 32, 34-35 (2d Cir. 1997)). Relying on the text of § 3583(e)(2) and its reference to only those factors listed in § 3553(a), the Second Circuit in *Lussier* noted that an interpretation of this provision that authorized a "district court, at any time, to modify or rescind an allegedly illegal condition of supervised release" would upset the "streamlined scheme of sentencing review" established by the Sentencing Reform Act of 1984. *Id.* at 37. Consequently, "[t]he plain language of subsection 3583(e)(2) indicates that the illegality of a condition of supervised release is not a proper ground for modification under this provision." *Id.* at 34. It also

4

noted that other procedures, such as a direct appeal under 18 U.S.C. § 3742, or a collateral attack under 28 U.S.C. § 2255, are available to challenge the legality of a condition of supervised release. *Id*. at 35. In *Hatten*, the Fifth Circuit Court of Appeals concurred with the Second Circuit's determination that §3583(e)(2) does not provide a jurisdictional basis for challenging the legality of the sentence imposed upon revocation. *Hatten*, 167 F.3d at 886.

### FED. R. CRIM. P. 35, Appeal, and First § 2255 Motion

The Court will now examine other rules and statutes to determine whether the Court has subject matter jurisdiction to consider Powell's request for correction of what he perceives to be an allegedly-illegal sentence. The terms of FED. R. CRIM. P. 35 provide no jurisdiction because a motion under Rule 35 must be brought "[w]ithin 7 days after sentencing." FED. R. CRIM. P. 35. The time to file a Rule 35 motion expired on April 12, 1999--seven days after the sentence was announced.[1] *See United States v. Gonzalez*, 163 F.3d 255, 264 (5th Cir. 1998). Further, direct appeal provides no relief at this stage of the proceedings. *See* 18 U.S.C. § 3742. Powell filed a direct appeal, but his only claim of error was double jeopardy. Powell could have raised the issue of the alleged arithmetical error as well. 18 U.S.C. § 3742. Alternatively, Powell could have included the issue in his first collateral attack on his sentence pursuant to 28 U.S.C. § 2255. In sum, Powell failed to meet the deadlines for filing a motion pursuant to FED. R. CRIM. P. 35, failed to include the allegedly-illegal sentence issue on appeal, and failed to include the issue in his first §

---

[1] Powell contends his challenge to the April 5, 1999 judgment is based upon recently-discovered evidence and could not have been brought earlier. To prevail on a claim of newly-discovered evidence, a defendant must show highly-compelling evidence that was material and unknown to him at the time of trial. *See Gonzalez*, 163 F.3d at 264. The defendant must also show that his failure to discover it was not through a lack of due diligence. *See id.* Powell cannot meet that standard. With due diligence, the arithmetical error that he alleges could have been discovered at the time of sentencing.

2255 motion, even though with due diligence the arithmetical error that Powell alleges could have been discovered at the time of sentencing.

## Successive § 2255 Motion

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly-discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2241 and 2255.

Powell filed his first Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on August 10, 1998. The § 2255 motion was denied on October 7, 1999. On July 24, 2000, Powell filed a second or successive Motion to Vacate under § 2255. The District Court transferred the successive motion to the appellate court on October 11, 2000, but the appellate court did not issue an order permitting Powell to file a successive § 2255 motion. Here, Powell asserts that the district court subjected him to an illegal sentence under the United States Code. Powell's request for relief falls within the ambit of a 28 U.S.C. § 2255 motion. *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992). Accordingly, the motion before the Court could be deemed to be a successive § 2255 motion. The Fifth Circuit has not issued an order authorizing this Court to consider the

6

successive motion. This Court therefore has no jurisdiction to consider it. *See United States v. Key*, 205 F.3d 773,774 (5th Cir. 2000). This Court may, however, transfer the Motion to the appropriate court of appeals for a determination of whether Powell should be allowed to file the successive § 2255 motion in the district court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (1997).

### Recommendation

The District Court should construe Powell's Expedited Motion (doc. 149) as a successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Clerk of Court should be directed to open a new civil action for administrative purposes only; to file the motion in that action as a § 2255 motion filed on August 10, 2009; to file the Court's order in that action as an order of transfer; and without further judicial action, to **TRANSFER** immediately the new § 2255 motion to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson*, 282 F.3d at 864 and *Epps*, 127 F.3d at 365 as a successive § 2255 motion. For purposes of continuity, the Clerk should directly assign the new civil case to United States District Judge Barbara M.G. Lynn and to United States Magistrate Judge Paul D. Stickney. The Government's Motion to Dismiss (doc. 152) should be denied.

**SO RECOMMENDED** this 13th day of October, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

7

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).